## State Bd. of Chiropractic Examiners
## v.
## Bisbocci
*[Cite as 8 AOA 304]*

*Case No. 90-B-3*
*Belmont County, (7th)*
*Decided November 1, 1990*

*Anthony J. Celebrezze, Jr., Attorney General, Odella Lampkin, Asst. Attorney General, State of Ohio, 30 E. Broad Street, 15th Floor, Columbus, Ohio, for Appellee-appellant.*

*Jack J. Kigerl, 224 32nd Street, P.O. Box 129, Bellaire, Ohio, for Appellant-appellee.*

O'NEILL, P.J.

The appellee was a licensed chiropractor, having received his license from the State of Ohio in August of 1985. On April 21, 1988, the appellee received a notice from the State Board of Chiropractic Examiners. This notice informed the appellee that he was entitled to a hearing by the Ohio State Board of Chiropractic Examiners on the question of whether or not his license as a chiropractor should be revoked or suspended. It was set forth in this notice that the reason for such impending revocation or suspension was because "On or about February 11, 1988, you were convicted of a misdeamor (*sic*) in the United States District Court for the Northern District of

West Virginia, for violation of Title 26, Section 7203 of the United States Code."

It was established, without question, that the appellee had pleaded guilty in the federal court to the misdemeanor charge of failure to file a federal income tax return. As a result of this plea, the defendant was sentenced for a period of one (1) year and fined $5,000.00. At the board hearing, it was established that the failure to file essentially centered around the amount of $10,000.00 which the appellee had received as part of his minor involvement in the transportation of cocaine in the year 1984. The board received and made a part of the record many statements from various persons related to the appellee's professional standing and his personal standing in the community. Significant amongst these statements was a letter from Lt. James Wright of the Wheeling, West Virginia Police Department. In this letter, Lt. Wright stated that he had become acquainted with the appellee during the investigation of a racketeering case in the Wheeling, WV area. Lt. Wright went in to state that a part of this investigation focused on the appellee who immediately cooperated with the government during the investigation and during the criminal trial of four defendants. Lt. Wright stated that the appellee's testimony had a great impact on the final outcome of the trial and that he, Lt. Wright, could not say enough about the value of the appellee's testimony. The following statement appeared in this letter:

" *** Now I understand he is in jeopardy of losing his Chiropractic license. I feel this would be counter-productive, certainly to Brent, but to your organization also. Further punishment would serve no purpose but to humiliate Brent and ultimately deprive him of his livelihood. I cannot imagine your Board being without compassion. Yet this is the message that would be sent if Brent is stripped of his Chiropractic license.

"I truly hope you will read my comments thoroughly. I think they say a lot about Brent and show he has redeeming qualities. I honestly believe he deserves a break, and if given that break, I know he will never break the law again. After twenty-four years as a police officer, I think I'm a fair judge of character. Brent has been judged by his peers and sentenced. I believe what he has received is adequate."

Following this hearing, on August 5, 1988, the State Board of Chiropractic Examiners filed and served the following order notifying the appellee that he had been convicted on February 11, 1988 of a misdemeanor involving failure to file an income tax return. This order then specifically stated:

"On the basis of the above listed Findings of Fact, the State Board of Chiropractic Examiners finds Brent W. Bisbocci, D.C. guilty of violating the provisions of Section 4734.10, Paragraph (A), of the Ohio Revised Code, guilty of committing a misdemeanor involving moral turpitude."

It was then the order of the board that the appellee's license to practice chiropracty was revoked. A timely notice of appeal was filed with the Court of Common Pleas. Upon consideration of the briefs of the parties and the record transmitted by the administrative agency, the Common Pleas Court affirmed but modified the action of the Chiropractic Board and ordered that the appellee's license was to be suspended until December 31, 1989, at which time his license was to be reinstated and that the State Board of Chiropractic Examiners was to monitor the appellee professionally for a period of one year terminating on December 31, 1990. A timely notice of appeal was filed directed to this final judgment of the lower court.

R.C. 4734.10 reads, in pertinent part, as follows:

"The chiropractic examining board may refuse, revoke, or suspend for a limited period, the license of any chiropractor for any of the following causes:

"(A) His conviction of a felony or of a misdemeanor involving moral turpitude, in either of which cases a certified copy of the court record shall be conclusive evidence, upon receipt of which the board shall revoke or suspend the license of the person so convicted."

It was firmly established before the board and before the lower court that the appellee had been convicted of the federal crime of failing to file an income tax return, a misdemeanor. It is obvious from a review of the transcript of evidence and testimony established before the board that the appellee failed to file the required income tax return because of his involvement in the trafficking in cocaine. Contrary to the conclusion reached by the trial judge, it is our conclusion

that this appellee had been convicted of a misdemeanor involving moral turpitude. We further cannot agree with the trial judge's conclusion that there was no reliable, probative or substantial evidence to support the order of the State Board of Chiropractic Examiners. However, in view of the other underlying circumstances involved in this case, especially the numerous recommendations filed before the board and, very specifically, the letter filed with the board by Lt. Wright of the Wheeling Police Department, and the further fact that the crime was committed before the appellee was licensed to practice chiropracty, it is our conclusion that the penalty imposed by the board was unduly extreme and harsh and that all of the facts, though calling for disciplinary measures, called for measures short of those imposed by the board.

Accordingly, for the foregoing reasons, we affirm the judgment of the lower court for reasons other than expressed by the lower court and affirm the modification of the revocation invoked by the board as ordered by the trial court.

DONOFRIO and COX, JJ., concur.